

## SYNOPSIS OF THE CASE[1]

**2023 MT 224, DA 22-0064**: **MONTANA ENVIRONMENTAL INFORMATION CENTER AND SIERRA CLUB,** Appellees, **v. WESTMORELAND ROSEBUD MINING, LLC, MONTANA DEPARTMENT OF ENVIRONMENTAL QUALITY, and MONTANA BOARD OF ENVIRONMENTAL REVIEW,** Appellants.

In a unanimous Opinion, the Montana Supreme Court has upheld a lower court ruling that vacated the State permit that allowed the expansion of the Rosebud coal mine in Colstrip, Montana.

In 2015, the Montana Department of Environmental Quality (DEQ) issued a permit for additional mining to Westmoreland Rosebud Mining. Several conservation groups challenged the permit, arguing it was issued in violation of the legal requirements of the Montana Strip and Underground Mine Reclamation Act.

A district court in eastern Montana agreed and vacated the permit, halting mining activities in the expanded area. However, the Montana Supreme Court temporarily reinstated the permit pending resolution of the legal issue. State law is based on federal requirements for regulating strip mines.

The Supreme Court ruled that the Board of Environmental Review (the Board) made several errors when it upheld DEQ's finding that Westmoreland had demonstrated that the proposed mining activity is designed to prevent material damage to the hydrological balance in the area.

During the permitting process, Westmoreland acknowledged a projected 13% increase in salinity in the alluvium of East Fork Armell's Creek from the proposed mining activities. Although the additional salts in the alluvium would not be a statistically significant concentration, they would increase the length of time during which higher pollutant levels would be present. The Court held that the Board did not adequately analyze whether extending the duration of an existing water quality violation satisfied the legal requirements. Further, the Court ruled that the Board failed to properly consider the cumulative impacts of increased mining activity on the area water quality.

The ruling halts mining expansion into Area B of the Rosebud Mine and sends the permitting process back to the Board for additional review.

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.